IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| MARY ANN SNEDEKER | : | BANKRUPTCY NO.: 5-17-bk-01399-JJT |
| | : | {**Nature of Proceeding**: Debtor's Objection |
| DEBTOR | : | (Doc. #200) to Fee Application of Counsel |
| | : | to the Chapter 7 Trustee (Doc. #182)} |

# OPINION[1]

Before the Court is the pro se Debtor's Objection, (Doc. #200), to the Fee Application of Counsel for the Chapter 7 Trustee, John J. Martin, Esquire, (Doc. #182). The total amount of compensation requested for services is $4,430.00, together with reimbursement of expenses in the amount of $40.00.

The matter went to hearing on July 5, 2018. While the written objection is inarticulate and some paragraphs incomprehensible, the Court has gleaned essentially three basic objections to the fee application. The first objection is that the Chapter 7 Trustee, John J. Martin, Esquire, requested Court approval to employ himself which was a violation of 11 U.S.C. § 327(e). That subsection deals with a trustee's request to employ a professional for a specified special purpose other than to represent the trustee in conducting the underlying case. 11 U.S.C. § 327(d) permits the trustee to act as attorney for the estate if such authorization is in the best interest of the estate. The Court made the determination that the Trustee's appointment of himself as his own attorney was in the best interest of the estate when the Court granted the Application to Employ by Order at Doc. #37.

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2018\5-17-bk-01399-JJT_Snedeker_Martin_Fee_Application pdf]

The second objection, which was subject to much of the cross examination of Mr. Martin by the Debtor, concerned an attack on Mr. Martin's actions mainly in his role as Trustee of the Chapter 7 estate rather than on the services Mr. Martin performed as Attorney for the Trustee. In that respect, the questioning and objection were misplaced and irrelevant to the request for fees which were before the Court. That objection is also overruled.

Finally, the Debtor objected to the time spent by Mr. Martin on various services that are represented in the application. When reviewing a fee application to determine its reasonableness, the Court looks to the requirements of the United States Bankruptcy Code at Section 330(a)(3), which reads in its entirety:

> § 330. Compensation of officers
> (a)(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> 
>     (A) the time spent on such services;
>     (B) the rates charged for such services;
>     (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>     (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>     (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>     (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

After a review of the fee application and applying the relevant factors listed in the Bankruptcy Code, the Court has determined to award the full amount Mr. Martin requested for both compensation for services performed and reimbursement for expenses. In particular, I find

[K:\Cathy\Opinions-Orders filed 2018\5-17-bk-01399-JJT_Snedeker_Martin_Fee_Application.pdf]

2

Case 5:17-bk-01399-JJT    Doc 278    Filed 07/25/18    Entered 07/25/18 15:51:57    Desc
Main Document    Page 2 of 3

that the time spent on individual services performed were reasonable and certainly were performed on behalf of the Trustee as services necessary to the Trustee's administration of the case. The services were beneficial to the anticipated completion of the case while the case proceeded in Chapter 7. The Debtor's Objection to the fee application at issue is overruled in its entirety.

      My Order will follow.

By the Court,

*/s/ John J. Thomas*
John J. Thomas, Bankruptcy Judge (CMP)

Date: July 25, 2018

[K:\Cathy\Opinions-Orders filed 2018\5-17-bk-01399-JJT_Snedeker_Martin_Fee_Application.pdf]

3

Case 5:17-bk-01399-JJT   Doc 278   Filed 07/25/18   Entered 07/25/18 15:51:57   Desc
Main Document   Page 3 of 3