IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| MARY ANN SNEDEKER | : | BANKRUPTCY NO.: 5-17-bk-01399-JJT |
| | : | {**Nature of Proceeding**: Debtor's Motion |
| DEBTOR | : | to Vacate or Set Aside Court Order |
| | : | (Doc. #286)} |

# OPINION

The pro se Debtor, Mary Ann Snedeker, has filed a "Motion to Vacate or Set Aside the Court Order dated July 25, 2018, Granting the Fee Application of Counsel for the Chapter 7,(sic) Trustee, JOHN J. MARTIN, Esquire in the total amount of $4,470.00."

Some background of this case might be helpful for those reviewing this disposition.

On April 5, 2017, with the apparent assistance of a non-lawyer friend, the Debtor filed a Chapter 7 bankruptcy. John J. Martin was appointed the Chapter 7 Trustee. During the administration of that bankruptcy, the Trustee determined that there was a significant amount of nonexempt equity in the Debtor's residence. See Doc. #48.[1] The Trustee thereafter moved to appoint himself as attorney for the Trustee, which request was granted. Doc. #37. The Debtor's attempt to dismiss the case was denied by the Court. Doc. #31. Thereafter, the Debtor moved to convert the case to Chapter 13, which was granted on October 24, 2017. In the meantime, Martin, the former Chapter 7 Trustee, filed a fee application for his services as attorney. That matter went to hearing on June 5, 2018. On July 25, 2018, the Court issued an Order awarding attorney fees to Martin in the amount of $4,430.00, together with reimbursement of expenses in

---

[1] Testimony elicited at various hearings suggest that, prepetition, the Debtor had executed an unrecorded deed to her son, reserving to herself a life estate.

the amount of $40.00.

The Debtor's current Motion not only asks me to vacate the award of attorney fees for Martin, but purports to make a claim on the Trustee's bond. To the extent that the Debtor is asking me to vacate the award of attorney fees, I will address this as a request to reconsider under Federal Rule of Bankruptcy Procedure 9023.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999).

As was done in her original objection to Martin's fee application at Doc. #200, the Debtor focuses on language in 11 U.S.C. § 327(e) that, she says, supports her objection. That subsection reads:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C.A. § 327 (West).

The Debtor argues that Martin was not in a position to hire himself as a lawyer in the case. The Debtor has lifted the following language as supportive of her position, i.e. "*The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case . . . .*" Separating this phrase from the rest of the sentence renders it meaningless, since it would appear to bar the trustee from employing any lawyer. Section 327(e) is clearly directed at the possibility that a *debtor's* lawyer could, under

[K:\Cathy\Opinions-Orders filed 2018\5-17-bk-01399-JJT_Snedeker_Martin_Vacate pdf]  2

Case 5:17-bk-01399-JJT    Doc 288    Filed 08/13/18    Entered 08/13/18 15:01:17    Desc
Main Document    Page 2 of 3

special circumstances, be retained by the trustee. The Debtor may be quite correct that it is unwise that a person should represent him or herself. Nevertheless, the Bankruptcy Code has specifically provided in § 327(d) for the option of a trustee acting as his/her own counsel.

In summary, the Debtor has added nothing to her arguments that was not or could not have been presented to me prior to my July 25, 2018 disposition.

The Debtor has, however, volunteered extraneous information that she intends to make a claim against the Chapter 7 Trustee's bond and that she may not pursue a tolling agreement from the recipient of her unrecorded transfer, which the Chapter 13 Trustee has opined, through counsel, is a likely requirement for his support of a proposed Chapter 13 plan. Neither of these matters are relevant regarding this request to reconsider. I, therefore, will deny the Motion to Vacate.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge (CMP)

Date: August 13, 2018